*THE PEOPLE, *ex rel.* ED. T. MENOMY, RESPOND-     [9]
ENT, *v.* STEPHEN R. HARRIS, MAYOR, ETC.,
APPELLANT.

MUNICIPAL CORPORATIONS—RIGHTS OF.—The right to fit up a building for city or public purposes, and provide suitable accommodations for the transaction of the business of the city, is a necessary incident to the administration of every municipal government.

APPEAL from the Superior Court of the City of San Francisco.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This is an appeal from the judgment of the Court below, awarding a peremptory mandamus against Harris, the

Mayor of the City of San Francisco, compelling him to sign a warrant, drawn in favor of the relator, upon the treasury of San Francisco.

The record shows that, about the month of June, 1851, the City of San Francisco, by its Common Council, and the County of San Francisco, by its Board of Supervisors, purchased, in common, a building for city and county purposes, and are now in possession of the same; that afterward the city and county entered into a contract with the relator, to alter and fit up said building for such purposes; that the terms of the contract were fixed by ordinance, and have been complied with by the contractor, and that a certain sum is due to him, for which the Comptroller has drawn his warrant upon the treasury, which warrant the Mayor refuses to countersign, on the ground that the purchase of said building was illegal, and, consequently, any attempt upon the part of the city to occupy or expend money in fitting it up, must be equally illegal.

We do not think that this conclusion necessarily follows. The question, whether two corporations can purchase and hold real estate as tenants in common, unless expressly authorized by the Act of Incorporation, is not involved in the decision of this case. It may very well be that they cannot; and yet there would not be any inconsistency in their jointly occupying a building, or fitting it up for public purposes.

[10] We have frequently decided that corporations must pursue * strictly the authority conferred by their charters, and can exercise no powers, unless conferred, or necessary to the complete execution of such powers. The right to fit up a building for city or public purposes, and provide suitable accommodations for the transaction of the business of the city, is a necessary incident to the administration of every municipal government, without which it would be impossible to carry out the objects and purposes of the incorporation. In the present case, the city is in possession of a building, the purchase of which has never been annulled or declared void. The relator simply undertook the performance of a contract, which the city

was competent to authorize. If it had been a building rented by the city, or taken possession of without color of right, the effect would have been the same.

Whenever the question comes properly before us, we will not hesitate to decide upon the validity of the purchase; but to do so in the present case would involve an error of law and logic, which the power of this tribunal might sustain, but which sound judgment must disapprove.

Judgment affirmed.

Opinion per HEYDENFELDT, J.

I concur with Judge MURRAY. I am satisfied that the question of the purchase of the property is not one we can consider. If the illegality of the purchase is admitted, the result would be, that the property does not belong to the city. The question then is, has she the right to alter and improve, for municipal purposes, a building which she does not own. The power seems to be clear, both express and implied. She is in possession, not as a tort feasor, but by color of title, and even if the title be void, no reason exists why the building should not be fitted for her use and occupation. To do this, she had power to contract for work and labor, and having so contracted, I see no reason why she should not pay. I do not pretend here to say that the purchase of the property was good or bad, because I am not called on, in this case, to decide it. I only assume the hypothesis, that the purchase is void, to show that, even then, the city must pay for labor which she had contracted to be performed.