ANN L. SMITH, endorsee, *v.* CITY OF NEWBERN.

The Board of Commissioners of the town of Newbern, under the Act of their incorporation, and the Acts amendatory thereof, have the power to build and repair a Market House.

CIVIL ACTION, tried before Watts, J., at the January (Special) Term, 1873, of the Superior Court of Craven county.

The plaintiff, who is the assignee of Smith & Dey, sues the defendant upon the following instrument, to-wit :

" No. 3.　　　　OFFICE OF BOARD OF COMMISSIONERS,
　　　　　　　　　Newbern, N. C., Jan. 31st, 1866.

This is to certify that the town of Newbern is indebted to Smith & Dey in the sum of nine hundred and thirty dollars

and fifty-eight cents, as *per* account, and approved by Mayor and Board of Commissioners.

$930.38.                                    J. T. HOUGH, *Mayor.*

Registered Feb. 1, page 1.

JOHN M. HARGET, *City Clerk.*"

The only question arising in the case is, whether under the charter and laws of the town of Newbern, the municipal officers had authority to contract for building a market house.

It was submitted to the jury who, finding in favor of the plaintiff, a judgment was rendered accordingly, and defendant appealed.

*Seymour,* for appellant, cited and relied on the following authorities:

I. The facts that the officers of the city of Newbern had audited the account and issued a voucher for it does not help the plaintiff: *Weith* v. *Wilmington,* 68 N. C. Rep. 24 ; *Cooley's Constitutional Limitations,* 196 *; Clark* v. *the City of Des Moines,* 19 Iowa 201 ; and the cases cited : *Storm* v. *Town of Geneva,* 23 N. Y. 440; *Gould* v. *Town of Sterling,* Ibid ; *Swift* v. *Williamsburg,* 24 Barb. 427 *; State* v. *Kirkleep,* 29 Maryland 86.

II. The city of Newbern, independently of its charter, had no power to build a market house. See in regard to general powers of municipal corporations : *Marshal* v. *Fulton County,* 10 Wallace, 676 ; *Angel on Corporations,* chap. 1 ; *Cooley Const. Lims.* 194 ; *Clark* v. *Des Moines,* 19 Iowa 223 ; *State* v. *Kirkley,* 29 Maryland 86 ; *Hodges* v. *Buffalo,* 2 Denio. 12 ; *Navigat'n Co.* v. *Commissioners of Newbern,* 7 Jones' Law, 275.

III. The charter of the city of Newbern authorizes the city government to appoint market places and regulate the same. Chap. 28, Sec. 13, Laws 1779. This does not carry the right to build a market house. Definition of market—see *Law Dictionaries.* It is simply *a locality.* It does not even include the soil, much less a building upon it. See Statute 13 *;* Edw. 1, ch. 5; Statute 5, Edw. 3, ch. 5 ; Bacon's Abridgment, 4,

158 ; Palm. 77 ; *Mayor of Northampton* v. *Ward ;* 2 Strange 1238 ; 1 Wilson, 110.

*Lehman,* contra, submitted the following brief :

The defendant was authorized to make this contract by the express language of its charter : Charter, section 13, page 20 : sec. 1, page 27 : sec. 3, page 77 ; also section 3, page 2. The power to appoint, as used in the charter, implies to do whatever is necessary to make a complete market. The use of the word regulate immediately and in the same connection implied the previous power to establish, as implied in the word appoint. Appoint means to establish, fix, settle. For example, the use of the word in Proverbs : " When the foundations of the earth were appointed "—the word " appointed" carries with it the two-fold idea of ordinary and doing, of furnishing the materials and the workmen to do it with. We say the army and ships are well appointed. In both cases we mean to convey the idea that the army and the ships are furnished with everything necessary to answer the purpose of their creation. The power is implied by the fact of incorporation. Municipal corporations form a part of the State government: *Boyle* v. *City of Newbern,* 64 N. C. 664. They are created and exist for the public good, and whatever concerns the common welfare and interest of the municipality, and has reference to the comfort, convenience, safety and welfare of society. It is a part of the police regulations of a city to preserve public order, good morals, establish rules of good manners and good neighborhood, to prevent a conflict of rights ; hence good order, good health, general improvement are the principal objects of local government, and whatever is necessary to promote these is necessarily implied in the original grant of power. Lord COKE puts it in a nutshell : " When the law granteth anything to any one, *that* also is granted, without which the thing itself cannot be."

Corporations, to a limited extent, possess sovereign powers, and at common law may make by-laws to accomplish the de-

sign of the incorporation and may enter into contracts to effectuate the corporate purpose. Cooley, on Con. Lim. 194–196 ; 29 Indiana Rep. 187 ; 2 Kent Com. 350, title,corporate powers. *Alleghany City* v. *McClurkan*, 2 Harris Penn. Rep. 81. In 1 Blackstone Com. 274, a market is defined to be a public time and an appointed place for selling goods, and as forming a part of economies or domestic polity. To abridge the right of building a market would be to take away one of the principal objects of the incorporation. The defense resting on the *ultra vires* doctrine exists only where the corporation is prohibited by law from entering into the contract. *Bateman* v. *the Mayor, etc., of Ashton-under-Lyne,* 3 H. and N. 572 ; *Simpson* v. *Westminster Palace Hotel Co.,* Dom. Proc. 6 Inv. N. S. 985 ; *South Yorkshire Rail Co.* v. *The Great Northern Rail Co.,* 9 Exch. 84–85 ; *The Mayor of Norwich* v. *The Norfolk Rail Co.,* E. and B. 413- 417 ; *Payne* v. *The Mayor of Brecon,* 3 H and N. 572. In *Bateman* v. *The Mayor, etc., of Ashton-under Lyne* 3 H. and N. 323 the Company was held liable on their contract to pay for certain work, on the ground that it did not appear that the Company was prohibited from entering into such contract.

BYNUM, J.  This is a civil action against the defendant, a municipal corporation, to recover the sum of $930.58, due by audited account for building a market house in and for the use of the city of Newbern. There was a verdict and judgment thereon for the plaintiff in the Court below and an appeal to this Court.

The case stated presents for our decision but one question, viz : Whether the city of Newbern had the power to build a market house under the laws of the corporation.

For the power, the plaintiff relies upon section 13 of chapter 25 of the acts of 1779, being an act for the regulation of the town of Newbern and for other purposes, which, after enumerating other powers conferred upon the commissioners not material to our case, proceeds thus : " And shall have power,

from time to time, and for all times hereafter, under their common seal, to make such rules, orders, regulations and ordinances as to them shall seem meet, for repairing the streets, erecting public wharves, *appointing market places* and regulating the same, erecting public pumps and repairing the same, appointing town watches or patrols and making proper allowances for such services, and for all such other necessary ordinances, rules and orders which may tend to the advantage, improvement and good government of said town, and the same rules, regulations and ordinances, from time to time, to alter, change, amend or discontinue, as to the said commissioners, or a majority of them, shall appear necessary and best answer the purposes intended for regulating and governing said town."

It is a general and undisputed proposition of law, that a municipal corporation possesses and can exercise the following powers and no others : First, those granted in *express words* ; second, those *necessarily or fairly implied in* or *incident to* the powers expressly granted ; third, those *essential* to the declared objects and purposes of the corporation.    Dillon Mun. Corporations, Sec. 55 ; *Spaulding* v. *Lowell*, 23 Rich. 71, 74.

Our case seems to fall within the second class, for conceding that the power of " appointing a market place and regulating the same " is not an express power to build, yet it is fairly implied, because a market *house* is reasonably necesssary and conducive to the enjoyment of the market *place.*

" *Market,* a public place appointed by public authority, where all sorts of things necessary for the subsistence or for the convenience of life are sold."    Bouv. L. Dict. Tit. Market.    " *Market* is taken for the place where kept."    Lovel, L. D. Tit. Market.    A " market place " does not necessarily or usually mean an uncovered space of ground dedicated as a market, but a market house, just as we say " Monmouth place," meaning the building, or as we call a residence and its grounds " a fine place."

All corporations derive their powers from legislative grants

and can do no act for which authority is not expressly given or may not be reasonably inferred. But if we say they can do nothing for which a warrant could not be found in the language of their charter, we deny them, in many cases, the power of self preservation, as well as many of the means necessary to effect the essential object of their creation—hence they may exercise all the powers within the fair intent and purpose of their creation which are reasonably necessary to give effect to powers expressly granted, and in doing this they must have the choice of means adopted to ends and are not confined to any one mode of operation. *Bridgport* v. *Railroad Co.*, 15 Conn. 475, 501. Here the power is granted in express terms " to make all such necessary ordinances, rules and orders as may tend to the advantage, improvement and good government of the town.," thereby vesting in the corporation the *discretion* as to the measure and mode of exercising the powers conferred. Under the powers before recited and as incident thereto, the city of Newbern unquestionably has power to provide suitable accommodations for the transaction of the business of the corporation—as to build a *town house.* *French* v. *Quincy*, 3 Allen 9; *People* v. *Harriss*, 4 Cal. 9. So as a sanitary regulation the city has power to procure a supply of water—as to bore an *artesian well.* *Livingston* v. *Pippen*, 31 Ala. 542; *Rome* v. *Cabot*, 28 Ga. 50. So to preserve the cleanliness and salubrity of the city, it may erect *public hospitals.* *Milne* v. *Davidson*, 5 La. 410. And for public health, convenience and comfort, it may regulate burials, as by establishing *cemeteries.* *City Council* v. *Baptist Church*, 4 Strob. 306. It has power to abate and remove *livery stables, slaughter houses, gas works, powder houses, bawdy houses* and the like, when, in the exercise of a fair discretion, they are deemed a nuisance to the town, as shown by innumerable cases.

It is not necessary that incorporated cities should have power by express grant to build a market house. Thus it has been held that a town having authority to make by-laws for managing and ordering its "*prudential* affairs " has power to ap-

propriate money for the erection of a market house and raise the amount by taxation. *Caldwell* v. *Allen,* 33 Ill. 416; 23 Mich. 344; *Spaulding* v. *Lowell,* 23 Peck. 71. So power to "establish and regulate markets," as a necessary incident, authorizes the purchase of ground whereon to erect the building. 14 N. Y. 356.

It may be that at the time of this grant, in the rude beginning of society in this country, the immediate erection of a market *house* was not within the means of the corporation or intended by the grant any more than the costly structures which now adorn American cities under similar grants; but as population, wealth and refinement advance, public decency, comfort and convenience require the exercise of those reserved powers of the charter "to make all such necessary ordinances, rules and orders as may tend to the advantage, improvement and good government of the town."

PER CURIAM.                          Judgment affirmed.