AMOS WADE v. THE CITY OF NEWBERN*.

*Statute of Frauds--Lease--Municipal Corporation--Contract of.*

1. If a municipal corporation has power under its charter to *build* a market house, it has power also to *lease* a building for market purposes.

2. Under the statute (Bat. Rev. ch. 64, § 2) no "memorandum or note" of a lease of land for more than three years can bind the party to be charged, even if signed by him. The *lease or contract of lease* must be signed by such party.

3. Where the plaintiff proposed to lease certain real estate upon certain terms to defendant for ten years, which proposition was received and adopted by its Board of Councilmen and entered upon their minutes; and thereafter a lease executed by plaintiff was tendered to and accepted by said Board but was never actually signed on the part of defendant; *Held,* that the defendant was not bound by the contract.

4. A contract of a municipal corporation (unless it be one required by law to be in writing, &c.,) need not be under seal unless required by its charter.

5. The authorized body of such corporation can bind it by an ordinance if intended to operate as a contract or by a resolution; it can by vote clothe its officers or agents with power to act for it and a *parol* contract made by such persons (unless it be one required by law to be in writing) is binding upon the corporation.

6. An ordinance, resolution or vote of a municipal corporation, accepting a lease or contract tendered, does not constitute a *signing* within the meaning of the statute.

7. An action cannot be maintained for damages for the breach of a void contract.

(*Smith* v. *City of Newbern,* 70 N. C. 14; *Rice* v. *Carter,* 11 Ire. 298; *Simms* v. *Killian,* 12 Ire. 252; *Mizell* v. *Burnett,* 4 Jones, 249, cited, distinguished and approved.)

This was an Action to recover Damages for Breach of Contract, instituted in Craven and removed to and tried at

---

*The opinion in this case was filed at June Term, 1876, but not heretofore reported.

Spring Term, 1874, of CARTERET Superior Court, before *Clarke, J.*

There was an appeal from the judgment of the Court be-. low, and in this Court, the appeal was dismissed. Same case, 72 N. C. 498. At June Term, 1875, of this Court, the defendant moved to re-hear the case, and for a *certiorari* to bring up the case for review as on appeal, which motion was allowed. Same case, 73 N. C. 318. The facts appear in the opinion.

*Messrs. D. G. Fowle, Geo. Green* and *Alex. Justice,* for plaintiff.
*Messrs. J. H. Haughton* and *Smith & Strong,* for defendant.

BYNUM, J. That the City of Newbern under its charter has the power to build a market house, is decided in *Smith* v. *City of Newbern,* 70 N. C. 14. It follows that it has the power of leasing a building for market purposes until one is built.

But the contract here declared on is void. It is a lease of real estate and is not in writing and signed by the party to be charged, or by any other person duly authorized to sign it, pursuant to the statute of frauds. Bat. Rev. ch. 64 § 2.

That statute provides that * * * "All other leases and contracts for leasing lands, exceeding in duration three years from the making thereof, shall be void unless put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

In the construction of this section of the statute (Laws 1868–'69, ch. 156, § 2) it is to be noted that it contains an important change of the same section, as it is expressed in the Rev. Stat. ch. 50, § 8, and in the Rev. Code, ch. 50, § 11, where the language is,—"Shall be void and of no effect, unless such contract or lease, or *some memorandum or note*

*thereof*, shall be put in writing, &c." It is clear since the Act of 1868–'69, no memorandum or note of a lease of land for more than three years, as distinguished from the lease itself, can bind the party to be charged, even should it be signed by him. It is a statute to prevent fraud, and it was supposed that this end would be more effectually accomplished by excluding from it, the words, "memorandum or note thereof," which from their indefiniteness were often seized upon by the Courts to give effect to contracts, especially where there would be a real or apparent hardship in not giving effect to them. The statute as altered prescribes the limits of such contracts by a more rigid, but a more unerring, and therefore better rule.

As little as possible is left for construction. The *lease or contract itself* must be signed by the party to be charged. In this action the party sought to be charged, is the defendant.

In *Rice* v. *Carter*, 11 Ire. 298, A sold a tract of land to B, and gave him a bond for title. B verbally promised to pay for the land, the stipulated price ; *it was held*, that while A was bound, B was not, because he was the party to be charged with the payment of the purchase money, but had not signed the contract, as required by Rev. Stat. ch 50, § 8. This case was subsequently affirmed upon the same point in *Simms* v. *Killian*, 12 Ire. 252, and in *Mizell* v. *Burnett*, 4 Jones, 249.

The material question then is,—Did the defendant sign the contract of lease, or cause it to be signed by any person duly authorized to sign it ? As to this, the facts set out in the case stated for this Court, are these :—

On the 8th of March, 1879, the plaintiff, Wade, submitted to the Board of Councilmen of the City of Newbern, a proposition to lease to the City for a market house, his warehouse and lot for ten years, agreeing to first make certain repairs thereon. He also at the same time proposed to lease from the City, a certain water lot owned by it. He asked $1800

per annum rent for the warehouse, and offered $600 per annum rent for the water lot, which sum he proposed to deduct from the rent of the warehouse, leaving $1200, for the payment of which, he proposed to take each year thirty City bonds of $40 each, the bonds to be receivable by the City in payment of taxes or other dues. The record of the proceedings of the City Council, which were admitted in evidence,. contains this entry in respect to these propositions ;—

"After a lengthy debate, Mr. Wade's proposition in relation to the warehouse was received and adopted, and Union Point selected as the market site." Subsequently other propositions modifying the foregoing were submitted by Mr. Wade, which were in like manner "received and adopted" by the Board. Up to this time, none of the propositions are stated to have been in writing.

On the 17th of March, 1869, some misunderstanding having arisen among the Board of Councilmen, as to the character of Mr. Wade's proposition, he was called before the Board, and he then submitted still other propositions; and the minutes of the Board contain this final entry upon the subject;—

"The foregoing being reduced to writing, and added to the original proposition made by Mr. Wade, on motion of Councilman Croom, the same was received and adopted. Mr. Wade presented to the Board, a lease containing the substance of the original proposition with the foregoing addition, and for a further binding of. the contract between him and the Board. The lease being read, on motion of Councilman Croom, the same was adopted.

"Councilman Howard presented the following resolution, viz; Whereas the lease of Amos Wade has been tendered to the City of Newbern, according to the contract agreed on between him and said City ; *Therefore Resolved,* that the Mayor be required to sign and affix the corporate seal of the City of Newbern to the certificates of indebtedness, as

specified in the lease executed by Amos Wade to said City,
dated March 8th, 1869."

The minutes of the Council then go on to set forth the
objections taken by the Mayor to signing the bonds, &c., and
that while the matter was being discussed and before any
action was taken on the resolution, the Sheriff of the County
appeared before the Board, and served upon the Council, an
injunction against issuing the said City bonds, procured at
the instance of many of the tax-payers of the City. After
the service of the injunction, nothing further was done, and
the Council adjourned.

The foregoing facts do not constitute, on the part of the
corporation, such a signature to the contract of lease, as is
required by either the letter or spirit of the statute of
frauds. It cannot be pretended that the lease itself was ac-
tually signed by the corporation or any of its officers, author-
ized or unauthorized. It was competent for the Board of
Councilmen to instruct by resolution either the Mayor or
other person to sign the lease in behalf of the corporation.
This was not done. The lease was tendered to and accepted
by the Council, just as the bond for title was tendered and
accepted in *Rice* v. *Carter*.

If the lease was such a one as the corporation could law-
fully accept, the acceptance bound Wade, but did not bind
the corporation.

In *Laythroop* v. *Bryant*, 2 Bing. N. C. 744, which was cited
in *Rice* v *Carter*, the defendant had signed a written contract
to convey land. The plaintiff (like the defendant in this
case) had only made a verbal promise to pay the price; and
it was urged by the defendant, that he ought not to be held
liable under this written promise, inasmuch as the plaintiff
was not bound by his verbal promise; but said THE CHIEF
JUSTICE,—" Whose fault was that?—The defendant might
have required the plaintiff's signature. ' The object of the
statute was to secure the defendant."

If the contract were such as is not required by the statute of frauds to be put in writing and signed by the party sought to be charged, it is clear from the modern decisions that the contract of a municipal corporation need not be under *seal* unless the charter requires it. The authorized body of the corporation may bind it by an ordinance, which will if so intended operate as a contract; or it may bind itself by a resolution, or by vote clothe its officers or agents with power to act for it; and a contract made by persons thus appointed, though by parol, (unless it be one which the law requires to be put in writing) will bind it. 1 Dillon Mun. Corp. § 374.

But in our case the contract is one which cannot be made by parol; and where the statute to prevent frauds requires the contract to be put in writing and signed by the party to be charged, we know of no authority or adjudicated case which holds that a resolution, ordinance, or vote of the corporation, accepting or adopting a lease or contract tendered, constitutes a signing within the words or intent of the statute. The contract in this case must derive its validity, not from the contracting powers of the corporation, but from the statute; and unless the mode prescribed by the Act is pursued, the contract is a nullity.

The question is not one of corporate power, but of compliance with the statute. The statute has not been complied with, and the contract is void as to the defendant.

Whether the City is liable to one who has *bona fide* performed labor under a void contract, is a question that does not arise here. The complaint is for a breach of contract, and the prayer is for damages resulting from the breach on the part of the defendant. The position is too plain for doubt, that an action cannot be maintained for damages for the breach of a void contract.

If the work done under a void contract had been *accepted and used* by the defendant, whether a *quantum meruit* would lie in such case is an interesting question; but that question

cannot arise upon the facts of this case, even if another action should be brought, declaring on a *quantum meruit*; for the work done was not only accepted and used by the defendant, but it was done upon the house and lot of the plaintiff, and he has continued in the exclusive possession and enjoyment of it, without even a tender of the premises to the defendant.

He may have lost money by the transaction. If so, it is his own fault. It is therefore *damnum absque injuria.*

Many other interesting questions arose and were argued in this Court, but as the decision of the case is put upon the single point discussed, it precludes the necessity of examining any other.

There is error.

PER CURIAM.                              Judgment reversed