IRA SWINSON et al v. TOWN OF MOUNT OLIVE et al.

(Filed 13 May, 1908).

1. **Constitutional Law—Municipal Taxation—Necessaries—Without Vote of People—Legislative Powers.**

    The Legislature has the constitutional authority to authorize a municipal corporation to create a debt for necessary purposes without a vote of the people.

2. **Same—Market House.**

    A market house is a necessity for a town, in the sense that the Legislature may authorize a municipal corporation to incur a debt to provide one without a vote of the people.

3. **Same—Legislative Restrictions.**

    There is no limitation upon town taxation for necessary purposes except that imposed by statute, general or special.

4. **Same—Interpretation.**

    While by some sections of a legislative act a town may be restricted in its tax levy for ordinary purposes, the various sections of the act relating to the subject must be construed together, so as to give effect to such others as authorize an additional levy for special purposes.

ACTION heard before *W. R. Allen, J.,* at chambers, at April Term, 1908, of WAYNE.

Plaintiff appealed. The facts are stated in the opinion.

*J. D. Langston* for plaintiffs.
*H. B. Parker, Jr.,* for defendants.

CLARK, C. J. This is an action to restrain the defendant, the Town of Mount Olive, from issuing $6,000 in bonds "to build and own a town hall and market house," without a vote

of the people. The General Assembly, by section 49, chapter 201, Private Laws 1905, specially empowers the defendant to issue bonds for that purpose.

The General Assembly can authorize a municipal corporation to create a debt, without a vote of the people, for necessary purposes. Const., Art. VII, sec. 7; *Fawcett v. Mount Airy,* 134 N. C., 125; *Wilson v. Charlotte,* 74 N. C., 748. A market house was held to be a necessary expense for a town. *Smith v. New Bern,* 70 N. C., 14; *Wade v. New Bern,* 77 N. C., 460.

It is true that section 28, chapter 201, Private Laws 1905, restricts the tax levy by Mt. Olive for town purposes to fifty cents on the $100, but that is for ordinary purposes and does not apply to the interest or principal of indebtedness for the special purposes enumerated in section 49 of same act. See, also, section 52, which recognizes this distinction. The three sections must be read together. There is no limitation upon town taxation for necessary purposes save that imposed by statute, general and special. *French v. Wilmington,* 75 N. C., 477; *Young v. Henderson,* 76 N. C., 420.

Judgment refusing the restraining order is

Affirmed.