J. H. LeROY v. ELIZABETH CITY.

(Filed 30 May, 1914.)

1. Municipal Corporations—Cities and Towns—Bond Issues—Market House—Necessaries—Constitutional Law.

Bonds issued by a municipality to build a market house are for a necessary expense, and when authorized by statute do not require, for their validity, that they be submitted to the qualified voters of the municipality.

2. Municipal Corporations—Cities and Towns—Bond Issues—Statutory Directions—Market House—Location.

Where the statute requires that a market house authorized to be built by a municipality from a bond issue be located on a certain parcel of its lands, the validity of the bonds is not affected by its location elsewhere, the remedy of the taxpayer being to compel the city to use the proceeds of the lands as required by the statute.

3. Municipal Corporations — Cities and Towns — Bond Issues—Improper Use of Funds—Incidents.

An improper use of the proceeds from the sale of municipal bonds for a market house does not affect the validity of the bonds; and in this case it is held that a reasonable expense incurred in attorney's fees, etc., or in paving an esplanade adjacent to the market house, is not an improper expenditure of the funds.

4. Municipal Corporations—Cities and Towns—Bond Issues—Aldermen—Majority Vote.

Where a bond issue of a municipality is authorized by statute, and there is no charter or other statutory provision to the contrary, the exercise of the power by the municipality to issue the bonds is sufficient if by a majority of its aldermen.

APPEAL by plaintiff from *Ferguson, J.*, at chambers, 18 April, 1914; from PASQUOTANK.

This is an appeal, in an action brought by a taxpayer, from an order dissolving an injunction which restrained the defendants from issuing and selling certain bonds.

The Legislature of 1907 passed an act known as chapter 117, Private Laws 1907, which act was amended first by chapter 319, Private Laws 1909, and again by chapter 487, Private Laws 1913.

Said original act reads as follows:

*The General Assembly of North Carolina do enact:*

Section 1. That the board of aldermen of the corporation of Elizabeth City is hereby authorized and empowered to establish and erect a market house, town hall, auditorium, and mayor's office, and shall equip said building in such manner as to meet the needs and necessities of the people and the corporation of Elizabeth City, and shall also establish and erect suitable buildings for the fire department and apparatus.

Sec. 2. That the board of aldermen of Elizabeth City is hereby authorized and empowered and shall issue bonds in the name of the corporation of Elizabeth City, in the denomination of $500 each, with coupons and in such form as may be determined by the said board, to an amount not exceeding $40,000, payable in twenty years from the issuing thereof, and at such a time and place as the board of aldermen may prescribe. The said bonds shall bear interest at a rate of not exceeding 5 per cent per annum, payable semiannually. The said bonds shall mature as follows: $1,000 per annum for the first five years; $2,000 per annum for the next ten years, and $3,000 per annum for the next five years.

Sec. 3. The said building as set out above is to be placed on the property now owned by the town of Elizabeth City, on the northeast corner of Matthews and Pool streets.

Sec. 4. That the said bonds shall not be sold for less than par, and the proceeds arising therefrom shall be held by the treasurer of the corporation of Elizabeth City for the purpose set out above.

Sec. 5. That the said building shall be erected by contract with the board of aldermen of Elizabeth City and the board of permanent improvements, and no contract for the erection of said building shall be made by the board of aldermen of Elizabeth City without first having the approval of the board of permanent improvements.

The amendment by the act of 1909 provides that if the sum of $40,000 shall be insufficient to carry out the purposes of the

LeRoy v. Elizabeth City.

act of 1907, that additional bonds in the sum of $10,000 may be issued, after submitting to a vote of the people the question of issuing such additional bonds, and authorizes the defendant to buy additional property adjacent to the lot referred to in section 3 of the act of 1907, if necessary.

The act of 1913 eliminates all of the buildings in section 1 of the act of 1907 except the market house, and repeals section 3 of the original act.

The act of 1913 was not passed in accordance with the formalities required by Article II, sec. 14, of the Constitution.

Acting under the authority of these acts, the board of aldermen of Elizabeth City, by a majority vote, with the approval of the board of permanent improvements, has contracted to sell bonds in the sum of $30,000 at par for the purpose of building a market house.

The plaintiff contends:

That said proposed issue of said bonds is wrongful and unlawful, and said proposed bonds illegal and void:

(*a*) For that the proceeds of said bonds are not for the necessary expenses of said town, and there has been no ratification by a majority of the qualified voters.

·(*b*) For that chapter 487, Private Laws 1913, which materially amended chapter 117, Private Laws 1907, was not passed as required by Article II, sec. 14, of the Constitution of North Carolina.

(*c*) For that the board is expressly prohibited by the Legislature from building said market house on any property except the lot on the corner of Pool and Matthews streets.

(*d*) For that the sale which has been negotiated is in express violation of section 4, chapter 117, Laws 1907, in that the board has contracted to sell said bonds at an amount of $250 less than par, which amount is an expense for printing and attorney's fees, which the town has agreed to pay.

(*e*) For that the board is not authorized by the charter of said town to issue said bonds.

(*f*) For that the ordinances authorizing the issuance were not adopted by the unanimous board, but only by a majority vote of five (5) to three (3).

LeRoy *v.* Elizabeth City.

(*g*) For that the board of aldermen propose to spend a portion of the proceeds in paving the esplanade adjacent to said market house.

His Honor dissolved the restraining order, and the plaintiff appealed.

*Ward & Thompson for plaintiff.*
*W. L. Small for defendant.*

Allen, J. The General Assembly has the power to authorize a municipal corporation to create a debt and issue bonds for necessary expenses without a vote of the people, and the debt created for a market house is a necessary expense. *Swinson v. Mount Olive,* 147 N. C., 611.

(2) The act of 1913 imposes no additional burden on the citizens and taxpayers of Elizabeth City, and it was not, therefore, necessary for the ayes and noes to be entered on the journals at the time of its enactment. The case of *Gregg v. Comrs.,* 162 N. C., 484, is directly in point.

(3) The third objection of the plaintiff is met by the fact that the act of 1913 repeals the section of the act of 1907 requiring the market house to be built on the property of the city; but if this was not so, it would not affect the validity of the bonds, and the remedy of the plaintiff would be to compel the defendant to use the proceeds of the lands as required by the statute.

(4) It appears that the defendant has agreed to sell the bonds at par, and as we have before said, the use of the proceeds improperly would not render the bonds invalid. We are of opinion, however, that reasonable expenses incurred in issuing the bonds are incident to the purposes of the act, and would not be a misappropriation of the funds; and what is here said is also applicable to the expenses for the esplanade. It would also seem that the esplanade is substantially a part of the market house. *Raleigh v. Durfey,* 163 N. C., 155.

(5) The bonds are authorized by the General Assembly, and it was not necessary for the vote of the members of the board of aldermen to be unanimous.

"In the absence of charter or statutory provision to the contrary, the rule is well established that a majority of a quorum is all that is required for the adoption or passage of any ordinance, resolution, or order properly arising for the action of the municipal council or other municipal body." 28 Cyc., 335; *Rushville Gas Co. v. Rushville,* 6 L. R. A., 315, and cases cited.

We are of opinion the bonds are valid and that there is no error.

Affirmed.