# W. A. POWERS v. VILLAGE OF CHISHOLM AND OTHERS.[1]

## July 9, 1920.

## No. 21,955.

**Village authorized to erect village hall.**

1. A village incorporated under Laws 1885, c. 145, though it did not reorganize under R. L. 1905, §§ 698, 699, G. S. 1913, §§ 1202, 1203, has authority to construct a village hall for the transaction of public business. Such authority is not expressly conferred, but it is incidental to the maintenance of village government.

**Blank bond ballots not counted in determining what constitutes statutory majority.**

2. The statute which provides for the submission of the question of the issuance of bonds to the voters, G. S. 1913, § 1854, requires a majority of "five-eighths of those voting on the question." The proposition to issue bonds was submitted at a regular village election, at which officers were elected. Separate ballots and ballot boxes for officers and for the bond proposition were provided. Each voter used a ballot of each kind. It is *held* that blank bond ballots should be rejected in determining the number upon which the five-eighths is computed.

Action in the district court for St. Louis county to restrain defendants from issuing bonds for the erection of a public building. The case was tried before Hughes, J., who made findings and as conclusions of law found that the village of Chisholm had power under the law to erect a public building for use as a village hall, public market, and public library reading rooms, and to issue its bonds for the purpose of defraying the expenses of erecting the same; that the proposition of issuing such bonds received the affirmative vote of more than five-eighths of those voting on the question and was duly carried at the election, and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Alger R. Syme,* for appellant.

*George K. Trask* and *Boyle & Montague,* for respondents.

[1] Reported in 178 N. W. 607.

DIBELL, J.

Action by a taxpayer against the village of Chisholm and its officers to restrain the issuance of bonds for the erection of a public building to be used, among other purposes, as a village hall. There were findings and judgment for the defendants and the plaintiff appeals.

The plaintiff contends:

(1) That the village had no authority to construct a village hall.

(2) That the proposition to issue bonds did not carry at the election,

1. The village of Chisholm is incorporated under Laws 1885, p. 148, chapter 145. It did not reorganize as it was provided by the revision of 1905 that it might. R. L. 1905, §§ 698, 699; G. S. 1913, §§ 1202, 1203.

The building proposed to be erected, as described in the resolution of the village council submitting the question of the issuance of bonds to the voters, was "a needful public building, to-wit: a public building to be used as a village hall, public market and public library reading rooms."

Express authority is given by the 1885 act "to establish and regulate markets, and restrain sales in the streets," and to "establish and maintain public libraries and reading rooms." Laws 1885, p. 154, chapter 145, § 21(13) (19). Express authority is not given to construct a village hall.

The act provides for a village council which holds meetings, which are open to the public, and for the usual village officers, some of whom at least it is contemplated shall have offices where papers may be filed or business transacted, and general authority is given "to receive, purchase and hold for the use of the village any estate, real and personal," etc. Laws 1885, p. 154, chapter 145, § 21 (3).

By G. S. 1913, § 1855, provision is made for the issuance of bonds "for the purchase or erection of needful public buildings."

Village halls have been erected throughout the state from early times without serious question of authority in the village. The village must transact public business. The power to provide a place in which it may be transacted is essential to the existence of the village. The authority to erect a village hall is incidental to the maintenance of village government. People v. Harris, 4 Cal. 9; Torrent v. Muskegon, 47 Mich. 115,

10 N. W. 132, 41 Am. Rep. 715; Bates v. Bassett, 60 Vt. 530, 15 Atl. 200, 1 L.R.A. 166. It has power to construct a village hall, though such power is not expressly conferred.

2. The statute requiring the submission of the proposition to issue bonds is G. S. 1913, § 1854, and it provides as follows:

"The majorities required shall be as follows:

1. In the case of towns, counties, and cities a majority of those voting at the election.

2. In villages and boroughs, five-eighths of those voting on the question.

3. In school districts, two-thirds of those present and voting."

The proposition of issuing bonds was submitted at a regular village election at which village officers were elected. Separate ballots and separate ballot boxes were provided for the vote on village officers and the vote on the bond proposition. Each voter was handed a ballot of each kind, went into the voting booth, returned the two ballots to the election officers, and they were deposited in the appropriate ballot boxes. There were 1,235 ballots, of which 765 were in favor of the issuance of bonds, 454 against, and 16 were blank. If the five-eighths is computed on the total of 1,235 the proposition did not carry. If the 16 blank ballots are rejected and the five-eighths is computed on 1,219 ballots, it did carry.

The court rejected the blank ballots and held that the proposition to issue bonds carried. This was right. The statute above quoted uses the words "voting on the question," as applicable to villages, and "voting at the election," and "present and voting," as applicable to other municipalities. It intended that the result should be determined by those voting upon the question of the issuance of bonds unaffected by those casting blank ballots, that is, not voting at all upon the question. The trial court relied upon Anderson v. City of Le Sueur, 127 Minn. 318, 149 N. W. 472, and it supports the conclusion reached. That case expresses the correct rule and it is in harmony with the weight of authority. Those who voted for officers, but deposited blank bond ballots, were not within the statute "voting on the question."

Counsel in their briefs and in their oral argument very thoroughly

review our cases involving similar questions. A discussion of them at this time would not be helpful.

A suggestion is made that the proposition was not properly submitted. It is little argued and our examination leads to the conclusion that there was a compliance with the applicable statutes.

Judgment affirmed.