### J. W. WALKER v. TOWN OF FAISON.

(Filed 11 May, 1932.)

**Taxation A a—Cotton platform held not necessary municipal expense and town could not issue notes therefor without a vote of its electors.**

A municipal platform for the loading, unloading and selling of cotton and for the storage of truck under certain conditions, but from which no truck is sold to consumers, is not a public market, a public market being generally defined as a place for the sale of products for human consumption, and such platform erected for the purpose of obtaining revenue for the town by the imposition of a fee for the sale of cotton therefrom is not a necessary municipal expense, Art. VII, sec. 7, and the town may not issue its notes for the purchase price of such platform without a vote of its electors.

CLARKSON, J., dissenting.

CIVIL ACTION, before *Devin, J.*, at December Term, 1931, of DUPLIN.

The evidence tended to show that on 22 March, 1929, defendant town purchased from the plaintiff a certain lot for the sum of $1,500, paying $100 in cash and executing three notes aggregating $1,400 for the balance of the purchase price. The purchase of the land and the execution of the notes and deed of trust securing same by the town was made in pursuance of a resolution adopted on 1 April, 1929. This resolution recites that the property was purchased "for the purpose of building a truck and cotton buyers platform." After the purchase of the land a platform was erected upon the property and used until a new board of aldermen came into power and the platform was apparently abandoned. The evidence tended to show that "this property was used by the town of Faison for a market place for the selling of cotton, and they charged the farmers revenue for selling from that platform. . . . It was my understanding that a charge was made for the use of this platform."

The mayor of the town testified: "The town of Faison built a platform on that lot for the purpose of a cotton platform, to buy and weigh cotton, and load and unload, except, I think to store truck on when it

got overloaded. . . . We used it for the purpose of buying cotton and truck and anything that came to market. It has not been used for anything except cotton purposes. . . . The town of Faison had a cotton weigher who operated under the supervision of the board of commissioners and the mayor of the town. All the cotton sold in Faison was to be weighed by this particular cotton weigher, and this place was designated as a place to weigh cotton and sell it, after the railroad company told them to get off their platform. This was the purpose for which the platform was placed there. . . . I understand that they charge a revenue at that place. The purpose of my board in buying it was for the convenience of the farmers and for the cotton buyers, and to get revenue for the town, too. It was our intention to get revenue for the town by charging a cent a package and five cents on a bale of cotton, and if we had remained in office, we would have gotten it." Another member of the board of aldermen testified: "The platform was built for the benefit of the farmers to dispose of their truck and cotton. There was no other place in the town of Faison available at that time for such a market. Since that time the present board has created a similar platform. I have sold cotton over it and paid a revenue of ten cents a bale. I have sold truck there. It is auctioneered off. . . . The surplus revenue goes to the town. . . . We were required to pay revenue if we sold a lot of cucumbers in town, whether they were auctioneered off or not, because that was where they expected to get their revenue." It further appeared on 27 October, 1929, that the board of aldermen passed a resolution "that the cotton buyers shall pay to the town three cents per bale for cotton hauled from cotton platform until the town has been reimbursed for expense of erecting, insurance, and lease of land."

The following issues were submitted to the jury:

1. "Are the notes sued on in this action valid and subsisting obligations of the town of Faison, as alleged in the complaint?"

2. "Is the defendant indebted to the plaintiff on account of the notes sued on in this action?"

The jury answered the first issue "Yes," and the second issue "$1,400 with interest."

From judgment upon the verdict the defendant appealed.

*J. T. Gresham, Jr., and R. D. Johnson for plaintiff.*
*Beasley & Stevens and K. O. Burgwin for defendant.*

BROGDEN, J. Can a city or town "contract any debt, pledge its faith, or loan its credit" for the purpose of acquiring a site for a cotton and truck platform?

The issue of the notes by the defendant in payment of the purchase price of the property was not submitted to a vote of the people and hence the validity of the indebtedness depends upon whether a cotton and truck platform is a "necessary municipal expense," within the purview of the North Carolina Constitution, Art. VII, sec. 7. The law is an expanding science designed to march with the advancing battalions of life and progress and to safeguard and interpret the changing needs of a commonwealth or community. Consequently it has been observed by the sages that the luxuries of one period oftentimes constitute the necessities of another. However, the latest interpretation of the term "necessary municipal expense" is found in *Henderson v. Wilmington,* 191 N. C., 269, 132 S. E., 25. In delivering the opinion, *Adams, J.,* wrote: "The cases declaring certain expenses to have been 'necessary' refer to some phase of municipal government. This Court, as far as we are advised, has given no decision to the contrary." Further expanding the idea, the Court says: "With the mere utility of the enterprise we are not concerned. Whether 'shipping, foreign and coastwise' would expand commerce is alien to the principle we are considering. The convenience, the benefit to be conferred upon a particular class, the insufficiency of present facilities, and a want of opportunity for commercial or industrial competition—these and similar premises are not factors that can control or even contribute to our solution of the present controversy. We are dealing exclusively with a question of law, with the legal formalities necessary to pledging the faith of the city by issuing bonds for the contemplated purpose; and as these formalities are mandatory they may not be disregarded or ignored."

The defendant insists that the proposed cotton and truck platform should be classified as a necessary municipal expense for the reason that such a structure and the proposed use thereof constitute a "market." The statutes duly enacted by the General Assembly and the decisions of this Court have established the proposition that municipal markets constitute a "necessary municipal expense," authorizing governing authorities to issue notes or bonds without popular vote for the acquisition and maintenance thereof. C. S., 2674, 2687, 2791 and 2794. *Smith v. New Bern* 70 N. C., 14; *Swinson v. Mount Olive,* 147 N. C., 611, 61 S. E., 569; *LeRoy v. Elizabeth City,* 166 N. C., 93, 81 S. E., 1072; *Angelo v. Winston-Salem,* 193 N. C., 207, 136 S. E., 489.

But is a cotton and truck platform a market as contemplated and defined by law? Apparently the term market was first defined by this Court in 1874 in the case of *Smith v. New Bern, supra.* The Court said: "Market, a public place appointed by public authority, where all sorts of things necessary for the subsistence or for the convenience of life are

sold." The definition so given has been widely quoted with approval. Various definitions may be found in 18 R. C. L., p. 367. The term is usually associated with the sale, inspection and supervision of food and food products designed for use by persons and extended by some courts to include food for domestic animals. Manifestly the underlying idea in the term is the sale of products intended and designed primarily for human consumption.

In the case at bar the evidence discloses that the purchase was made and the platform erected "to get revenue for the town, and for the purpose of a cotton platform to buy and weigh cotton and load and unload, . . . to store truck on when it got overloaded." There is no evidence that any citizen of the town bought any truck from the platform for the purpose of consumption. Obviously the purchase and operation of the platform was a commercial enterprise, promising a profit for the municipality, but upon the admitted facts, the enterprise did not constitute a necessary governmental expense of the defendant town, and the motions for nonsuit should have been allowed.

Reversed.

CLARKSON, J., dissenting.