694 F.2d 939
 Henrita TODMAN, Supervisor of Elections of the U.S. Virgin
Islands, St. Thomas/St. John District Board of Elections of
U.S. Virgin Islands, St. Croix District Board of Elections
of U.S. Virgin Islands, et al., Respondents- Appellants, No. 82-3530
and
Juan Luis and Julio Brady, Intervenors-Appellants, No. 82-3533
v.
Bertha C. BOSCHULTE, et al., Petitioners-Appellees.
 Nos. 82-3530, 82-3533.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit
Rule 12(6) Nov. 24, 1982.
 Decided Nov. 24, 1982.
 
 J'ada M. Finch-Sheen, Atty. Gen. of the V.I., Alan D. Smith, First Asst. Atty. Gen., Charlotte Amalie, St. Thomas, V.I., for respondents-appellants.
 Ronald T. Mitchell, Pallme & Mitchell, Charlotte Amalie, St. Thomas, U.S.V.I., for intervenors-appellants Juan Luis and Julio Brady.
 Alexander A. Farrelly, Birch, deJongh & Farrelly, Edith L. Bornn, David A. Bornn, Veronica J. Handy, Law Offices of Edith L. Bornn, Charlotte Amalie, St. Thomas, U.S.V.I., George S. Eltman, Bryant, Lenahan & Eltman, Christiansted, St. Croix, U.S.V.I., George H.T. Dudley, Jr., Dudley, Dudley & Topper, Maria Tankenson Hodge, Maria Tankenson Hodge, P.C., Paul Hoffman, Hoffman & Moore, P.C., Charlotte Amalie, St. Thomas, U.S.V.I., for petitioners-appellees.
 Before ALDISERT, SLOVITER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 This is an emergency appeal with accelerated briefing from a final order of the District Court of the Virgin Islands of November 12, 1982, relating to elections held November 2, 1982. A consequence of that order required a run-off election for the offices of Governor and Lieutenant Governor of the Virgin Islands to be conducted on November 30, 1982. We set forth this brief statement of reasons for reversing the judgment of the district court.
 
 
 2
 On November 12, 1982, counsel stipulated to the following facts:
 
 
 3
 (a) The total number of votes counted were 23,188;
 
 
 4
 (b) The respective candidates for Governor and Lieutenant Governor received the following votes:
 
 
 5
 1. Cintron-Moolenaar 578
2. Millin-Ross 4,143
3. Luis-Brady 11,354
4. Hodge-Plaskett 2,468
5. Rouss-Bell 2,471
 
 
 6
 (c) The combined Boards of Election for the Virgin Islands reported that there were 922 entirely spoiled ballots, 571 ballots spoiled as to the Governor/Lieutenant Governor Offices.
 
 
 7
 That there were 134 entirely blank ballots and 500 blank ballots as to the offices of Governor and Lieutenant Governor.
 
 
 8
 We find that the appellees had standing to bring the declaratory judgment action in the district court. Accordingly, we concentrate on the major issue presented by these appeals, to-wit, whether blank and spoiled ballots should be counted in determining whether the candidates for Governor and Lieutenant Governor received a majority of the votes cast.
 
 
 9
 This requires us to interpret Sec. 11 of the Revised Organic Act of 1954, 48 U.S.C. Sec. 1591 (Supp. VI 1982). That section provides:
 
 
 10
 [t]he Governor of the Virgin Islands, together with the Lieutenant Governor, shall be elected by a majority of the votes cast by the people who are qualified to vote for the members of the legislature of the Virgin Islands.
 
 
 11
 (Emphasis supplied.) Appellants are the Supervisor of Elections of the U.S. Virgin Islands and the St. Thomas/St. John and the St. Croix Boards of Elections. They contend that neither blank nor spoiled ballots should be counted in computing the majority of votes cast. We agree that the following ballots should not be counted: ballots entirely blank and ballots that were blank as to Governor and Lieutenant Governor.
 
 
 12
 In reaching this conclusion, we note that in Euwema v. Todman, 8 V.I. 224 (D.V.I.1971), Judge Almeric Christian stated that "the proper basis for computing a majority" was that "voters not attending the election or not voting on the matter submitted are presumed to assent to the expressed will of those attending and voting and are not to be taken into consideration in determining the result." Id. at 231. We agree with this statement of the law.
 
 
 13
 Furthermore, because excluding blank ballots from being counted in this case will mean that Juan Luis and Julio Brady will have the requisite majority vote total to win the elections of Governor and Lieutenant Governor, respectively, regardless of whether spoiled ballots are counted, we need not reach the question of whether the "votes cast" language of Sec. 11 includes spoiled ballots.
 
 
 14
 Accordingly, it is ORDERED AND ADJUDGED that the judgment of the District Court of the Virgin Islands be and is hereby reversed to the extent that it directed the Boards of Elections to include blank ballots in the tabulation of votes cast for the offices of Governor and Lieutenant Governor; further, that that portion of the judgment ordering a run-off election on November 30, 1982 for the positions of Governor and Lieutenant Governor be and is hereby reversed.
 
 
 15
 The District Court of the Virgin Islands is ordered to direct the Supervisor of Elections to certify the results of the November 2, 1982 election of Governor and Lieutenant Governor in accordance with the foregoing.
 
 
 16
 The mandate of the Court will issue forthwith.