REPUBLICAN PARTY OF HAWAII, a non-profit organization, and RUDY PACARRO, Plaintiffs, *v.* JOHN WAIHEE, in his official capacity as Lieutenant Governor, and RAYMOND K. PUA, in his official capacity as Clerk of the City and County of Honolulu, Defendants

NO. 10952

NOVEMBER 25, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA IN PLACE OF WAKATSUKI, J., RECUSED

*Per Curiam.* This is an election contest brought pursuant to HRS § 11-173.5. Plaintiff Rudy Pacarro was a member of the City Council of the City and County of Honolulu. On October 5, 1985, a special election was held to determine whether he should be recalled. The Clerk of the City and County of Honolulu certified the votes in the election as follows:

| | |
|---|---:|
| Yes (to recall Mr. Pacarro) | 6,620 |
| No | 6,539 |
| Blank votes | 112 |
| Over votes[1] | 9 |
| Total votes | 13,280 |

The provision of Section 12-103 of the 1973 Charter of the City and County of Honolulu (1983 ed.) under which the recall election was held, provides in part:

> If a majority of the registered electors who vote on the question at a recall election shall vote "Yes," the elected officer shall be deemed recalled and removed from office, otherwise he shall remain in office.

The plaintiffs contend that Mr. Pacarro was not recalled because there were 13,280 ballots cast in Mr. Pacarro's district in the recall election, and the "yes" votes were only 49.8% of the total.

Plaintiffs ask us to enter a judgment that Mr. Pacarro was not recalled. Although under HRS § 11-174.5 we have jurisdiction over election contests, the relief requested of us does not fit squarely within the language of the statute as to the relief we may grant in such contests. The parties, however, agreed, in open court, that we could decide the question of whether the blank ballots were to be deemed ballots voted on the question of whether Mr. Pacarro should be recalled.

Of course, "[t]he general view is that a qualified voter who succeeds in getting his name on the poll list and a ballot in the ballot box is not a voter unless his ballot is such as is prescribed by law, and that blank, illegal, and unintelligible ballots should be rejected in computing the

---

[1] "Over votes" are ballots voting both "yes" and "no" on the recall question.

number of votes." 26 Am. Jur.2d, *Elections* § 314 at 139 (1966) (footnotes omitted). *Accord* Annotation, *Basis for Computing Majority Essential to the Adoption of a Constitutional or Other Special Proposition Submitted to Voters,* 131 A.L.R. 1382, 1386 (1941) ("by the weight of authority blank ballots are not to be counted in arriving at the total vote cast for the purpose of determining a majority"); *see, e.g., Todman v. Boschulte,* 694 F.2d 939, 940-41 (3d Cir. 1982) (excluding blank ballots from the computation of "votes cast" for Governor of the Virgin Islands under 48 U.S.C. § 1591). Whether that general view has any application in a particular case depends on the particular wording of the charter, statute or constitutional provision in question.

Under Section 12-103, an official is recalled when a majority of the votes of registered voters "on the question" are "yes". Other courts have construed election statutes containing language which, like Section 12-103, required a majority of votes "upon the question" or "on the question." Those courts held that blank ballots do not count as votes "on the question" in computing whether the required majority vote exists. *E.g., Powers v. Village of Chisholm,* 146 Minn. 308, 310, 178 N.W. 607, 608 (1920); *City of Wellsville v. Connor,* 91 Ohio St. 28, 33-34, 109 N.E. 526, 527 (1914); *Davis v. Brown,* 46 W.Va. 716, 723, 34 S.E. 839, 841-42 (1899).

In our view, the language of Section 12-103 is clear and unambiguous. The ballot gives the voter a choice of voting either "yes" or "no" on the question of whether a particular councilman is to be recalled. A blank vote, being neither a "yes" nor a "no" vote *on the question of recall,* cannot be considered in determining whether or not there was a majority of "yes" votes *on that question.* Based upon the certification of the City Clerk as set forth above, plaintiff Pacarro was recalled.

Having determined the dispute submitted on the merits, we express no opinion as to whether plaintiff Pacarro and defendant Waihee were proper parties to this action. The complaint is dismissed.

*Boyce R. Brown, Jr. (Cynthia H.H. Thielen* with him on the brief, *Brown & Johnston* of counsel), for plaintiff Pacarro.

*Samuel P. King, Jr.* for plaintiff Republican Party of Hawaii.

*John S. Edmunds,* Special Deputy Attorney General, for defendant Waihee.

*Ronald B. Mun,* Deputy Corporation Counsel, for defendant Pua. On the briefs:

*Dennis E.W. O'Connor, Jerrold K. Guben, Margaret L. Cummisky*

(*Hoddick, Reinwald, O'Connor & Marrack* of counsel), for amicus curiae Democratic Party of the State of Hawaii.

*David C. Schutter, Janice E.C. Teramae, David F. Simons, Fernando L. Cosio* (*Schutter Cayetano Playdon* of counsel), for amicus curiae Patsy T. Mink.